# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MATTHEW D. PERKINS,

        **Plaintiff,**

v.                                     **Case No: 6:24-cv-1302-CEM-DCI**

FLORIDA HIGHWAY SAFETY AND
MOTOR VEHICLES and ORANGE
COUNTY CLERK OF COURTS,

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2)** |
| **FILED:** | **July 17, 2024** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice**.

On July 17, 2024, Plaintiff, proceeding *pro se*, filed the instant action against Defendants alleging several statutory and constitutional violations pertaining to the suspension of his driver's license. Doc. 1 (the Complaint). Although not entirely clear from the Complaint, it appears that Plaintiff's driver's license was suspended due to outstanding fines related to unpaid tolls. *Id.* at 4. Plaintiff alleges that he asked the Clerk of Court to set up a payment plan for him, but that the Clerk has failed to do so. *Id.* Plaintiff attempts to bring claims under: (1) 18 U.S.C. §§ 241, 242, 245; (2) 42 U.S.C. § 1983; (3) 49 U.S.C. § 31701; (4) the Eighth and Fourteenth Amendments to

the United States Constitution; and (5) Article 6, Clauses 1 and 2 of the United States Constitution. *Id.* at 3.

Simultaneously with filing the Complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs which the undersigned construes as a motion to proceed *in forma pauperis*. Doc. 2 (the Motion).

## II.    Legal Standard

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B)(i-iii).[1] The Court must also dismiss the complaint if it determines it has no subject matter jurisdiction over the claims. Fed. R. Civ. P. 12(h)(3); *see Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39 (11th Cir. 2009) (per curiam).[2] The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), but the Court is under no duty to "re-write" the complaint to establish subject matter jurisdiction,

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

avoid frivolousness, or state a claim upon which relief may be granted. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

### III.  Discussion

As an initial matter, the undersigned finds that Plaintiff is a pauper. *See* Doc. 2.  However, there are a number of issues with the Complaint.  The undersigned will discuss each of Plaintiff's alleged causes of action in turn.

### A.  18 U.S.C. §§ 241, 242, 245 Claims

As an initial matter, 18 U.S.C. § 241 does not give rise to a private cause of action, as it is a criminal statute. *See, e.g., Zinnia Chen v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) (affirming the dismissal of claims pursuant to 18 U.S.C. §§ 4, 241-242, and 2382-2383 because "[c]riminal statutes generally do not provide a private cause of action."); *Cohen v. Carmel*, 2010 WL 2991558, at *1 (S.D. Fla. July 27, 2010) ("Title 18, Sections 241 and 242 of the United States Code, are criminal statutes and do not give rise to a private cause of action."); *Weidman v. Blackstone Grp.*, 2015 WL 1097385, at *4 n. 3 (N.D. Ga. Mar. 11, 2015) ("Section 241 of Title 18 is a criminal statute and provides no private cause of action in a civil suit."); *see also Andrew Corpus v. Depass*, 2020 WL 4260980, at *2 (M.D. Fla. July 24, 2020) (holding that a § 1983 claim cannot be based on alleged violations of 18 U.S.C. § 241).

To the extent Plaintiff is asking the Court to order the Department of Justice to initiate a criminal investigation against Defendants, the "decision to investigate and prosecute crimes is entrusted to the executive branch." *Thibeaux v. U.S. Attorney Gen.*, 275 F. App'x 889, 892 (11th Cir. 2008) (citing *United States v. Smith¸* 231 F.3d 800, 807 (11th Cir. 2000)); U.S. Const., art. II, § 3.  To be sure, the Eleventh Circuit has repeatedly applied the long-standing principle that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of

another." *Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (affirming the dismissal of an action seeking a writ of mandamus to require the defendants to investigate and prosecute a former Florida State Attorney) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Accordingly, Plaintiff cannot rely on the cited sections of Title 18 to establish a cause of action for his private civil action. *See Allah El v. Baden*, 2020 WL 7049275, at *3 (M.D. Fla. May 12, 2020) (citing *Thibeaux*, 275 F. App'x at 893) (stating that sections 245 and 242 of Title 18 pertain to criminal law and do not provide a civil cause of action or any civil remedies)).

**B.  42 U.S.C. § 1983 Claim[3]**

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).  The Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citing *Williams v. Bennett*, 689 F.2d 1370, 1380-81 (11th Cir. 1982)).   "More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983." *Hannah v. Union Corr. Inst.*, 2012 WL 1413163, at *1 (M.D. Fla. Apr. 23, 2012) (citing *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam)).

As can be best discerned from the Complaint, it appears that Plaintiff alleges his fundamental right to interstate travel has been violated under the Fourteenth Amendment.  *See* Doc. 1-5.  The Fourteenth Amendment right to travel embraces:

---

[3] Although not clear from the Complaint, the undersigned construes Plaintiff's § 1983 claim as alleging constitutional violations under the Eighth and Fourteenth Amendments to the United States Constitution.  *See* Doc. 1 at 3-4.

the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.

*Saenz v. Roe*, 526 U.S. 489, 500 (1999).

Critically, Plaintiff's claim does not involve the freedom to travel *inter*state (i.e., between states). Rather, Plaintiff seemingly alleges that his freedom to operate his motor vehicle within the State of Florida has been infringed by Defendants' acts or omissions. *See generally* Doc. 1. However, the right to *intra*state travel is not recognized under the Fourteenth Amendment. *See Wright v. City of Jackson*, 506 F.2d 900, 901-02 (5th Cir. 1975) ("Since we can find no fundamental constitutional right to intrastate travel infringed by this ordinance, the City was not required to justify the ordinance under the compelling interest standard which must be met upon interference with a right to travel interstate."). Accordingly, Plaintiff has failed to state a claim against Defendants for violating his Fourteenth Amendment right to travel.

As an alternate basis for § 1983 liability, Plaintiff appears to allege violations of his Eighth Amendment right to be free from excessive fines and punishments. *See* Doc. 1-6. The Eighth Amendment prohibits the government from imposing "excessive fines." U.S. Const. amend. VIII. The Excessive Fines Clause "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *Timbs v. Indiana*, 586 U.S. 146, 151 (2019) (citing *United States v. Bajakajian*, 524 U.S. 321, 327-28 (1998)).

Aside from attaching the text of the Eighth Amendment and citing it in the Complaint, Plaintiff offers no argument as to how the imposition of fees for using public roads is "excessive" under the Amendment. To the extent Plaintiff argues that the suspension of his driver's license due to his failure to pay his fees violates the Eighth Amendment, he similarly fails to provide

sufficient argument to bolster this claim.  Accordingly, Plaintiff's Eighth Amendment claim is insufficient at this juncture.

Finally, it is unclear how Article VI of the Constitution relates to the present case.  Plaintiff cites Article VI, and attaches its text to the Complaint, but offers no argument as to how this Article pertains to Plaintiff's claims.  Accordingly, it cannot serve as a basis for a § 1983 action.

### C.  49 U.S.C. § 31701 Claim

Finally, Plaintiff cites 49 U.S.C. § 31701 as a basis for liability against Defendants.  Doc. 1 at 3; Doc. 1-2.  § 31701 merely lists definitions related to the applicable chapter of the U.S. Code. Without more specific allegations as to which section of this statute Plaintiff claims Defendants have violated, the undersigned cannot determine whether there is a viable cause of action.  To be sure, it does not appear that any section of this statute authorizes a private cause of action in a civil suit.  *See* 49 U.S.C. §§ 31701-31707.  The statute provides that "[o]n request of the Secretary of Transportation, the Attorney General may bring a civil action in a court of competent jurisdiction to enforce compliance with sections 31704 and 31705 of this title."  49 U.S.C. § 31706. Accordingly, there does not appear to be a legal basis for Plaintiff to hold Defendants liable for alleged violations of this statute.

### IV.  Conclusion

A *pro se* plaintiff must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend."  *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted).  Here, the undersigned recommends that the Complaint be dismissed without prejudice to allow Plaintiff a chance to amend the Complaint to remedy the deficiencies noted in this Report.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 2) be **DENIED without prejudice** and Plaintiff be given leave to amend his complaint.

<u>**NOTICE TO PARTIES**</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on July 23, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy